# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CYNTHIA K. BERGERON wife of/and** <br> **WAYNE J. BERGERON, SR.** <br> **Plaintiffs** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER 07-9484** |
| **AMERICAN NATIONAL PROPERTY &** <br> **CASUALTY COMPANY AND/OR** <br> **AMERICAN NATIONAL P & C COMPANY** <br> **Defendants** | * | **SECTION "L" (1)** |

## ORDER & REASONS

Currently pending before the Court is Defendant American National Property & Casualty Insurance Company's Motion for Summary Judgment. For the following reasons, the motion is GRANTED.

## I. BACKGROUND

This dispute arises out of a dispute over flood damage as a result of Hurricane Katrina. The Plaintiff, who resides at 407 Moonraker Dr., Slidell, Louisiana, sustained flood damage to his home as a result of Hurricane Katrina on or about August 29, 2005. The property was insured against flood damage by the Defendant, American National Property & Casualty Insurance Company ("ANPAC"), as a Write-Your-Own carrier participating in the U.S. Government's National Flood Insurance Program.[1] The Plaintiff's Standard Flood Insurance Policy ("SFIP") provided coverage limits of $132,000.00 for the structure itself and $42,000.00 for the contents of the structure.

---

[1] The National Flood Insurance Program is a program originally created by Congress in 1968 to assist private insurers in providing flood coverage at our below actuarial rates.

The Plaintiff notified ANPAC of the flood damage caused by Hurricane Katrina, and thereafter, the Defendant began the process of adjusting the claim pursuant to the applicable federal rules. On September 14, 2005, ANPAC issued initial advance payments in the amounts of $10,000 each for "Coverage A" (the building) and "Coverage B" (the building's contents). The Defendant, through its independent adjustor Jeff Queen, subsequently determined that the Plaintiff's property did suffer flood damage and that the Plaintiff was entitled to payment of $88,229.83 for damage to the building and $42,000.00 for damage to the building's contents. Accordingly, ANPAC issued payments to the Plaintiff in the amounts of $78,229.83 for damage to the building and $32,000.00 for damage to contents on or about March 6, 2006. Shortly thereafter, ANPAC closed the claim.

The Plaintiff, however, felt that he had not been fully compensated for the damage to his property. Thus, on or about May 19, 2007, the Plaintiff hired public adjuster Earl Egan, III to represent him in his claim with ANPAC. On or about August 29, 2007, Egan forwarded to ANPAC, through its agent Jeff Queen, proof of loss in pursuit of the remainder of the flood insurance proceeds available under his policy. When ANPAC notified Mr. Bergeron that he had not filed the required sworn proof of loss and that this precluded him from recovering further under his policy, Mr. Bergeron filed suit in state court. The case was subsequently removed to this Court.

## II.    PRESENT MOTION

The Defendant, ANPAC, has filed a motion for summary judgment. It alleges that the Plaintiff failed to comply with the SFIP requirements prior to filing suit to seek additional funds. It asserts that under the applicable federal regulations, an insured's prior compliance with *all* policy requirements is a strict prerequisite to his ability to file suit. Specifically, the Defendant

alleges that the Plaintiff failed to comply with the policy requirements by failing to submit two things: (1) a properly executed sworn proof of loss; and (2) sufficient documentation of flood damage to support his claim.  The Defendant offers as proof the sworn affidavit of Mary Ross-Goodnough, the claims technical analyst for National Flood Services (the vendor who services ANPAC's flood insurance claims) who handled the Plaintiff's claim.[2]  Ms. Ross-Goodnough swears that the Plaintiff never filed the required sworn proof of loss within the one year period as provided by the Federal Insurance and Mitigation Administrator.  Accordingly, ANPAC argues that the Plaintiff is barred from filing suit in pursuit of additional funds under the terms of the SFIP.

The Plaintiff, however, claims that summary judgment is improper because he did submit a proper proof of loss within the applicable statutory period.  As proof, he offers the following: (1) his sworn affidavit that the proof of loss he submitted for the August 29, 2005 loss met the applicable requirements under the SFIP and was submitted within the required one year period;[3] (2) documentation regarding Plaintiff's claim for additional funds sent by his agent Earl Egan to ANPAC on or about August 2, 2007;[4] and (3) documentation regarding Plaintiff's claim for additional funds sent by his agent Earl Egan to ANPAC on or about August 29, 2007.[5]  Additionally, the Plaintiff alleges that ANPAC was still in the process of adjusting his claim as of September 1, 2006.  Consequentially, he argues that he was precluded from submitting formal proof of loss within the one year period because the Defendant had not finished adjusting his

---

[2]*See* Rec. Doc. No. 8-5

[3]*See* Rec. Doc. No. 13-10

[4]*See* Rec. Doc. No. 13-5

[5]*See* Rec. Doc. No. 13-4

claim. Furthermore, the Plaintiff argues that it is disingenuous for the Defendant to now require formal proof of loss when it has paid out over $130,299.83 on the original claim without requiring a formal proof of loss. Moreover, Mr. Bergeron notes that the Defendant continued to provide adjustment services on the Plaintiff's supplemental damage claim as late as October 29, 2007 without notifying him that he was required to submit sworn proof of loss and should therefore be precluded from denying his claim on this basis. In the alternative, the Plaintiff requests the Court to continue the hearing to allow the opportunity to request a waiver from the Federal Insurance and Mitigation Administrator and to supplement his claim with a signed and notarized proof of loss.

### III.   LAW & ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed R. Civ P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986); *Brown v. City of Houston, Tex.*, 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact which, under applicable law, may alter the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 271 F.3d 624, 626 (5th Cir. 2001). A dispute is genuine when a reasonable finder of fact could resolve the issue in favor of either party, based on the evidence before it. *Anderson*, 477 U.S. at 250; *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 776, 781 (E.D. La. 2007). When considering a motion for summary judgment, the Court must "review the facts

drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Boimedical Labs.*, *Inc.,* 61 F.3d 313, 315 (5th Cir. 1995).

Furthermore, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case on which they bear the burden of proof. *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). A non-movant's conclusory allegations or bare assertions unsupported by facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 247-48.

Congress created the National Flood Insurance Program ("NFIP") to provide coverage at or below actuarial rates because private insurance companies could not economically underwrite these policies. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). The program is operated by the Federal Emergency Management Agency ("FEMA") and underwritten by the U.S. Treasury. All flood loss claims presented under the NFIP are paid directly with U.S. Treasury funds. *See Id.*

As previously noted, the Defendant ANPAC is a Write-Your-Own Program carrier participating in the NFIP. Under the NFIP, flood loss policies can be issued directly by FEMA or through private insurers, such as the Defendant in the instant matter. *See id.* The National Flood Insurance Act provides that private insurers who issue these policies are fiscal agents of

the United States. 42 U.S.C. § 4071. However, the private insurers such as ANPAC do not have authority to establish the terms and conditions of the NFIP policies. *See* 44 C.F.R. § 61.4(b). Rather, FEMA sets the terms and conditions, and the policies must be issued in the form of the SFIP. *Id*. The provisions of the SFIP may not be altered, varied, or waived absent the express written consent of the Federal Insurance Administrator. 44 C.F.R. § 61.13 (d).

The provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced. *Gowland*, 143 F.3d at 954; *Forman v. FEMA,* 138 F.3d 543, 545 (5th Cir. 1998). Failure to so construe such provisions runs afoul of the Appropriations Clause of the United States Constitution. *Gowland*, 143 F.3d at 955. The SFIP issued to Mr. Bergeron, as with all SFIP's, requires the insured to file a signed and sworn proof of loss within 60 days after the alleged loss or "within any extension authorized by FEMA.". *Forman*, 138 F.3d at 545; *see* 44 C.F.R. § 61, App. A(1), Art. VII (D), (J)(4). After Hurricane Katrina, however, the acting Federal Insurance Administrator expressly waived the 60-day deadline in favor of a deadline one year from the date of loss.

The Defendant argues that the Plaintiff failed to submit the required sworn proof of loss within the year following the date of loss and has supported this contention with the affidavit of the claims analyst who handled the Plaintiff's claim. The Plaintiff, in an attempt to avoid summary judgment, alleges that he did submit sworn proof of loss within the required one-year period in the pursuit of his claim. He attempts to support this contention with his own affidavit that summarily states that he had submitted properly supported proof of loss which met the requirements of Article VII(J) of the SFIP prior to the expiration of the year extension allowed

by the Federal Insurance Administrator.[6]

In response to a summary judgment motion, however, a "plaintiff must produce an *actual* proof of loss to meet its burden, not merely a theoretical one." *Hunter v. Allstate Ins. Co.*, No. 07-5267, 2009 WL 799755, *3 (E.D. La. March 23, 2009) (emphasis in original). The Plaintiff's vague, conclusory allegation that he did submit the proof of loss within the one-year period, without some semblance of actual proof that such a submission actually occurred, is insufficient to defeat the Defendant's summary judgment motion. *See Long v. American Nat. Property and Cas. Co.*, No. 07-4827, 2008 WL 2951965, *4, n. 16 (E.D. La. July 29, 2008) (holding that even if plaintiff's statement of facts were proper summary judgment evidence, the ambiguity of the allegation that "proper" proof of loss had been submitted to the defendant made it insufficient to defeat a sworn affidavit by the claims adjustor that she had never received the proof of loss within the required period).

Furthermore, the additional evidence upon which the Plaintiff attempts to rely suggests that proof of loss was submitted by his agent, Earl Egan, almost a full year past the extended deadline established by FEMA – not within the year following Hurricane Katrina as the Plaintiff suggests.[7] Similarly, the Plaintiff's allegation that ANPAC was still in the process of adjusting his claim as of September 1, 2006 and that he was thereby precluded from submitting formal proof of loss within the one year period is without any factual support. It appears only in the Plaintiff's Memorandum in Opposition to Summary Judgment,[8] and is in fact contradicted by the

---

[6] *See* Rec. Doc. No. 13-10, Paragraph 14

[7] *See* Rec. Doc. No. 13-4, 13-5

[8] *See* Rec. Doc. No. 13-1, p. 3

evidence submitted by the Plaintiff, which suggests that the Defendant closed his claim shortly after March 6, 2006.[9] The express statutory language and prior Fifth Circuit precedent make it abundantly clear that "an insured in the NFIP 'cannot file a lawsuit seeking further federal benefits under the SFIP unless the [insured] can show prior compliance with *all* of the policy's requirements, including the [proof-of-loss] requirement.'" *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1056 (5th Cir. 2008) (quoting *Richardson v. Am. Bankers Ins. Co.*, 279 Fed. Appx. 295, 298 (5th Cir. 2008) (emphasis in opinion)). Because the Plaintiff has not made such a showing, the Court concludes that summary judgment should be granted absent a compelling reason to the contrary.

The Plaintiff also suggests, however, that the Defendant's failure to require a formal proof of loss in settling his initial claim and its failure to ever alert him of the necessity of filing a sworn proof of loss constituted a waiver of the requirement. The Plaintiff fails to appreciate that the express written terms of the FEMA waiver only requires that proof of loss be submitted "[i]n the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim."[10] Thus, the Plaintiff was not required to submit a sworn proof of loss *unless* he disagreed with the Defendant's adjustment of his claim. *See Marseilles Homeowners Condo. Ass'n Inc.,* 542 F.3d at 1056-57 (citing *Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337 (11th Cir.2007)); *see also Hartenstein v. State Farm Fire and Cas. Ins. Co.*, Nos. 07-4594, 07-8236, 2008 WL 2397714 (E.D. La. June 11, 2008). Accordingly, his argument that the Defendant's actions were somehow disingenuous in not requiring a sworn proof of loss in

---

[9]*See* Rec. Doc. No. 13-10, Paragraph 10

[10]*See* Rec. Doc. No. 8-6

conjunction with the initial claim is without merit.

Furthermore, as noted above, even if the Defendant's actions suggested that they had waived the proof of loss requirement, the express statutory authority clearly states that "no provision of the [SFIP] documents shall be altered, varied, or waived other than by the express written consent of the Federal Insurance Administrator through the issuance of an appropriate amendatory endorsement." 44 C.F.R. § 61.13 (d). The Plaintiff is obligated to familiarize himself and to "act with scrupulous regard for the requirements of law" when seeking federal funds. *Heckler v. Cmty. Health Serv. of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 81 L. Ed. 2d 42 (1984). As such, the failure to notify him of the proof of loss requirement cannot be deemed to have effectively waived it. *See also Gowland*, 143 F.3d at 954 (holding that flood insurer could not have waived proof of loss requirement by re-opening the closed claim after the applicable deadline because the policy's terms required express waiver in order to waive POL requirement).

Last, the Plaintiff requests that this hearing be continued in order to provide a supplemental sworn proof of loss and to request an express written waiver from the Federal Insurance Administrator. Again, the Plaintiff's request misses the point. *Prior* compliance with all policy requirements is a condition precedent to the ability to file suit. *See Richardson*, 279 Fed. Appx at 298; *see also Gowland*, 143 F.3d at 954 (the failure of the insured to comply with the policy requirements "relieves the federal insurer's obligation to pay what otherwise might be a valid claim"). For this Court to allow a plaintiff to file suit first and *then* provide adequate proof of loss or to seek waiver would fly in the face of the express direction of both prior binding precedent and express statutory authority. Accordingly, the Plaintiff's request is denied.

Defendant ANPAC has demonstrated that no genuine issue of material fact exists in this matter and that it is entitled to judgment as a matter of law. The Court does not reach the further issues raised by the Defendant, as the Court decides the matter on the failure to submit the required proof of loss.

**IV.     CONCLUSION**

For the reasons stated above, IT IS ORDERED that the Defendant's Motion for Summary Judgment is GRANTED.

New Orleans, Louisiana, this 7th day of July, 2009.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE